UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_Sheron Walters_

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_City of New York, New York City Department of Correction, Captain Brown of Manhattan Detention Complex, Correction Officer Cordero Shield no. 17334, and Captain Jane Doe of Riker's Island_

**SECOND AMENDED COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial: ☑ Yes  ☐ No
*(check one)*

16 Civ. 2077 (LAP)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I.   Parties in this complaint:**

A.   List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's   Name _Sheron Walters_
ID# _349-15-12794_
Current Institution _Manhattan Detention Complex_
Address _125 White Street_
_New York, N.Y. 10013_

B.   List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1   Name _City of New York_   Shield # _____
Where Currently Employed _New York State_
Address _100 Church Street - 12 FL_
_New York, NY 10007_

Defendant No. 2   Name New York City Dept. of Correction Shield # N/A
                  Where Currently Employed City of New York
                  Address 75-20 Astoria Blvd, Suite 305
                  East Elmhurst, New York 11370

Defendant No. 3   Name Captain Brown Shield # N/A
                  Where Currently Employed Manhattan Detention Complex
                  Address 125 White Street
                  New York, N.Y. 10013

> Who did what?

Defendant No. 4   Name C.O. Cordero Shield # 17334
                  Where Currently Employed Manhattan Detention Complex
                  Address 125 White Street
                  New York, N.Y. 10013

Defendant No. 5   Name Captain Jane Doe Shield # N/A
                  Where Currently Employed Riker's Island
                  Address 16-16 Hazen Street
                  East Elmhurst, NY 11370

II. **Statement of Claim:**

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. In what institution did the events giving rise to your claim(s) occur?
   Manhattan Detention Complex and G.R.V.C on Riker's Island

B. Where in the institution did the events giving rise to your claim(s) occur?
   Main clinic of M.D.C, and the annex of G.R.V.C

C. What date and approximate time did the events giving rise to your claim(s) occur?
   December 15, 2015, December 18, 2015 and whatever date the disciplinary hearing Concerning these claims occured.

> What happened to you?

D. Facts: On December 15, 2015 Plaintiff Sheron Walters was gang assaulted twice, once by Triniteros and once by bloods. Both of these claims are proceeding in a previously filed lawsuit that is pending in this court. See Walters v. City of New York,

Rev. 01/2010                    2

No. 16-CV-1974 (KBF). Plaintiff Walters was punitivilly transferred to the G.R.V.C facility on the violence plagued Riker's Island by the order of Defendant Captain Brown and also written a misbehavior report by Defendant Cordero in retaliation for Plaintiff expressing his intention to sue prison officials for not isolating him after the first assault, and not taking precautionary measures to prevent the second assault that caused both plaintiff Walters and a Corrections officer named Ms. Smalls to be injured. Both the transfer and the misbehavior report were used as devices to thwart Mr. Walters' attempt to recieve justice and relief and to create a type of malicious prosecution based on "guilt by association", which violated Mr. Walters' due process rights under the 5th, 6th, and 14th Amendments to the United States Constitution. Mr. Walters was denied Counsel-Substitute by defendant Jane Doe, who also denied him right to confront witnesses, a written disposition, and of his presumption of innocence. These actions by defendants deprived Plaintiff of signifigant liberty and property interests under the due process Clause and under Wolff v. McDonnell.

*Was anyone else Involved?*

*Who else saw what happened?*

III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

As a result of ~~motion~~ the retaliatory trespass against plaintiffs person and property by defendants, Mr. Walters suffered loss of his personal property and was denied various disciplinary due process protections set forth in Wolff v. McDonnell, 418 U.S. 539, 561-70 (1974). Plaintiff's subsequent assaults by both other inmates and Corrections officers (████ 16-CV-1974 Brooklyn House of Detention and 2016 PI 018307) were injuries directly caused by the unconstitutional actions of the defendants.

IV.   **Exhaustion of Administrative Remedies:**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ✓   No ___

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_Manhattan Detention Complex and G.R.V.C on Riker's Island._

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ✓    No ____    Do Not Know ____

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____    No ✓    Do Not Know ____

If YES, which claim(s)?

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ✓    No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____    No ____

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance? _G.R.V.C on Riker's Island_

1. Which claim(s) in this complaint did you grieve?

   _All claims were grieved._

2. What was the result, if any?

   _"Staff complaints" do not fall under the purview of the I.G.R.P_

3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process.

   _There was no appeal._

F. If you did not file a grievance:

   1. If there are any reasons why you did not file a grievance, state them here:

Rev. 01/2010                                    4

2. If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*Copies of both the related grievance and Disposition forms are provided as enclosures to Plaintiff's Affidavit in Support of Second Amended Complaint.*

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V. **Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). *Plaintiff respectfully prays that this Court enter judgement granting plaintiff: A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States, Compensatory damages in the amount of $2,500,000 (Two Million Five Hundred Thousand U.S. Dollars) against the defendants jointly and severally, Punitive damages in the amount of $25,000 (Twenty Five Thousand U.S. Dollars) against each defendant, A jury trial on all issues triable by jury, Plaintiff's Costs in this suit, and any additional relief this Court deems just, proper, and equitable.*

*Rev. 01/2010*           5

_____
_____
_____

**VI.    Previous lawsuits:**

<div style="margin-left: 2em;">**On these claims**</div>

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

   Yes _____   No ✓

B.  If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

   1.   Parties to the previous lawsuit:

   Plaintiff _____
   Defendants _____

   2. Court (if federal court, name the district; if state court, name the county) _____

   _____ 3.   Docket or Index number _____
   _____ 4.   Name of Judge assigned to your case _____
         5.   Approximate date of filing lawsuit _____
         6.   Is the case still pending?  Yes _____   No _____
              If NO, give the approximate date of disposition _____
         7.   What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
         _____

<div style="margin-left: 2em;">**On other claims**</div>

C.  Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
    Yes _____   No ✓

D.  If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

   1.   Parties to the previous lawsuit:

   Plaintiff _____
   Defendants _____

   2.   Court (if federal court, name the district; if state court, name the county) _____

   _____ 3.   Docket or Index number _____
   _____ 4.   Name of Judge assigned to your case _____
         5.   Approximate date of filing lawsuit _____

6. Is the case still pending? Yes ____ No ____
   If NO, give the approximate date of disposition_____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
_____
_____

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 6th day of August, 2016.

Signature of Plaintiff   Sheron Walters
Inmate Number           349-15-12794
Institution Address     Manhattan Detention Complex
                        125 White Street
                        New York, NY 10013

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 6th day of August, 2016, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: Sheron Walters

*Rev. 01/2010*                                7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHERON WALTERS,

        Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF CORRECTIONS,

        Defendant.

16-CV-2077 (LAP)

Affidavit in Support of Second Amended Complaint

## - Preliminary Statement -

This is an action under Section 1983 of Title 42 of the United States Code (42 U.S.C. § 1983). Sheron Walters, Plaintiff in the above captioned matter has prepared this affidavit in support of his civil rights complaint against the City of New York and employees of the New York City Department of Correction (DOC), for violation to Plaintiff's rights secured by the United States Constitution. Plaintiff, Sheron Walters, is and was at all times mentioned herein a prisoner of the City of New York in the custody of the New York City Department of Correction. He is currently confined in Manhattan Detention Complex, in New York, New York.

Plaintiff, Sheron Walters asserts the following to be true:

1. That, on November 8, 2015, Plaintiff, Sheron

-1-

Sheron Walters v. City of New York, et. al
UNITED STATES DISTRICT COURT S.D.N.Y.
Case 1:16-cv-02077-LAP   Document 8   Filed 09/19/16   Page 9 of 19
Civ. No 16-cv-2077 (LAP)

Walters, was arrested on charges of Resisting Arrest, Attempted Petit Larceny and Attempted Escape - 3rd degree.

2. That, on November 9, 2015, Plaintiff, Sheron Walters, expressed fears about being placed in Manhattan Detention Complex's General Population to facility staff but was denied Protective Custody placement.

3. That, on December 15, 2015, after being denied protective custody, Plaintiff, Sheron Walters was assaulted twice. Once by members of the Triniteros and once by the Bloods gang. Plaintiff expresses his intention to sue facility personnel to defendant Captain Brown, and all other officers who responded to the security alarm for not isolating him from the assailants, thereby insulating Plaintiff against a second assault as a control needed to safeguard the integrity of the investigation of the first assault. Plaintiff is transferred to the G.B.V.C. facility immediately after being assaulted the second time.

4. That, on December 18, 2015, Plaintiff, Sheron Walters was served a falsely written misbehavior report charging him with assault. Plaintiff grieved the issue on December 22, 2015 and was seen by the I.G.R.P. on December 23, 2015. Plaintiff was told that staff complaints did not fall under the

- 2 -

SHETON WALTERS V. CITY OF NEW YORK et al  CIV. NO. 16-cv-2077
UNITED STATES DISTRICT COURT  S.D.N.Y.
Case 1:16-cv-02077-LAP   Document 8   Filed 09/19/16   Page 10 of 19

purview of the I.G.R.P. and that his complaint would be forwarded to the facility Deputy Warden.

5. That, Plaintiff was called to a disciplinary hearing for the misbehavior report and was denied his right to a counsel-substitute by defendant, Captain Jane Doe, who also refused to reconvene the proceedings after adjourning the hearing to interview witnesses. Plaintiff was deprived of signifigant liberty and property interests under the due process clause of the Fourteenth Amendment to the U.S. Constitution, and denied various disciplinary due process protections set forth in Wolff v. McDonnell, 418 U.S. 539, 561-70 (1974).

★ Count I -- Violation of Plaintiff's Due Process Rights and Rights of Equal Access to Justice. --

6. Defendants, Brown and Cordero created a type of malicious prosecution based on "guilt by association", which violated Mr. Walters' Due Process rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution [under 42 U.S.C. 1983] and Article 1, Sections 5, 6, 8, 9, 11, and 12 of the New York Constitution, on or about 12/15/2015 and 12/18/2015 to the present. Mr. Walters was denied counsel-substitute by defendant Jane Doe, as well as his right to confront witnesses, a written

-3-

Sheron Walters v. City of New York, et. al
United States District Court S.D.N.Y.
CIV.NO - 16-CV-2077
Case 1:16-cv-02077-LAP   Document 8   Filed 09/19/16   Page 11 of 19

disposition, and of his presumption of innocence. See Davis v. Alaska, 415 U.S. 308, 316 (1974). These actions by the defendants deprived Plaintiff of signifigant liberty and property interests under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

7. Defendants, on or about 12/15/2015 and 12/18/2015 to the present denied Mr. Walters' rights of Equal Justice by recourse to the laws under Article 1, section 11 of the New York State Constitution.

★ Count II --- Violation of CLS Corr. § 138(4)(6) and § 1997d. of the Institutionalized Persons Act's Prohibition of Retaliation

8. Defendants actions violated CLS Corr. § 138(4)(6) and § 1997d, when Plaintiff was transferred from Manhattan Detention Complex to the George R. Vierno Center (G.R.V.C) on the violence plagued Riker's Island, in retaliation for making written and oral statements pertaining to institutional security, conditions of confinement, policies, rules, regulations, and the deliberate indifference displayed by the facility personnel at the Manhattan Detention Complex.

9. By transferring Plaintiff Walters and writing him a false misbehavior report for exercise of his

- 4 -

Sheron Walters v. City of New York, et al  Civil No. 16-cv-2077
United States District Court  S.D.N.Y.  (LAP)
Case 1:16-cv-02077-LAP Document 8 Filed 09/19/16 Page 12 of 19

right to seek redress from the government through use of the prison grievance system, defendants Brown and Cordero retaliated against Plaintiff Walters unlawfully, in violation of Plaintiff Walters' rights under the First Amendment to the United States Constitution. These illegal actions has caused Plaintiff Walters injury to his first amendment rights.

★ **Count III -- Constitutional Disciplinary Due Process Violation**

10. Disciplinary Hearing officer, defendant Captain Jane Doe, who can be identified by signature on an unrelated-subsequent Disciplinary Disposition for infraction #254-16, arbitrarily limited Plaintiff to two witnesses and denied him right to counsel-substitute.

11. Captain Jane Doe was obviously bias and knew that Plaintiff, Walters, was unable to collect and present the evidence necessary for an adequate comprehension of the case. Being that the two assaults that Plaintiff endured had transpired in the Manhattan Detention Complex, and he was transferred to Riker's Island immediately after. Therefor, Defendant Captain Jane Doe was aware that Plaintiff Walters had a due process right to assistance. Plaintiff's right to interview witnesses and recieve a tape or transcript of the interview

- 5 -

Sheron Walters v. City of New York, et al.
UNITED STATES DISTRICT Court S.D.N.Y.
Civ.No. 16-cv-2077 (LAP)
Case 1:16-cv-02077-LAP Document 8 Filed 09/19/16 Page 13 of 19

or an explanation of their denial was also violated.

### ★ Count IV -- Failure To Prevent Conspiracy To Deprive Federally-Protected Rights

12. Defendants, Captain Brown, and Captain Jane Doe failed to prevent a conspiracy between Security personnel at Manhattan Detention Complex, and other individuals, to deprive Mr. Walters of his Federally-protected rights on or about 12/15/2015 and 12/18/2015 to the present, in violation of 42 U.S.C. 1985 and 1986. Specifically, Defendants failed to prevent the execution of a discriminatory and retaliatory trespass against Plaintiff's person and property.

13. Defendant, Captain Jane Doe adjourned the disciplinary proceeding to gather witnesses, but the hearing was never reconvened. There was no ruling and Plaintiff Walters' Constitutional right to recieve, from the hearing officer, a written statement of the evidence relied upon, and a statement of the reasons for the decision was violated. (New York regulations provide that you must recieve the written statement as soon as possible, and no later than 24 hours after the end of the hearing.) Plaintiff Walters' procedural due process rights was violated

-6-

Sheron Walters v. City of New York, et al.
United States District Court  S.D.N.Y.
Civ No. 16-cv-2077 (LAP)

as a result of this deviation from standard facility hearing procedures.

"Indeed, no more than affidavits is neccessary to make the prima facie case." United States v. Kis, 658 F.2d 526

Affiant makes no further claims.

Respectfully,

*Sheron Walters* (signature)

"All Rights Reserved"

Sheron Walters

349-15-12794

Pro Se

Enclosed: Copy of Grievance about False (Retaliatory) Misbehavior Report and Copy of I.G.R.P Disposition.

-7-

Form: #7101R, Eff.: 09/10/12, Ref.: Dir. #3375 - page 1



City of New York - Department of Correction

# INMATE GRIEVANCE AND REQUEST PROGRAM STATEMENT FORM

| Inmate's Name: Sheron Walters | Book & Case #: 349-15-12794 | NYSID # (optional): 212338-2K | |
|---|---|---|---|
| Facility: G.R.V.C | Housing Area: 17-A | Date of Incident: 12-18-15 | Date Submitted: 12-22-15 |

All grievances and requests must be submitted within ten business days after the incident occurred, unless the condition or issue is on-going. The inmate filing the grievance or request must personally prepare this statement. Upon collection by Inmate Grievance and Request Program (IGRP) staff, IGRP staff will time-stamp and issue it a grievance/request reference number. IGRP staff shall provide the inmate with a copy of this form as a record of receipt within two business days of receiving it.

**Request or Grievance:**

On December 18, 2015 on the 3pm-11pm shift in the 17A Housing area in the G.R.V.C. facility, I Sheron Walters was served a falsely written "Report And Notice of Infraction". The report accuses myself and another inmate of Assaulting an inmate by the name of Daran Wilkins in the clinic of the Manhattan Detention Center. This report is untrue because I was the one being assaulted in the incident and I was actually "saved" by the inmate the report claims committed the unprovoked assault.

**Action Requested by Inmate**

(Please Read the attatchment sheet for the full GRIEVANCE)

※ I am Requesting a full length investigation and for Cameras to be installed in the Manhattan Detention Center Clinic.

Please read below and check the correct box:

Do you agree to have your statement edited for clarification by IGRP staff?  ☐ Yes  ☑ No
Do you need the IGRP staff to write the grievance or request for you?  ☐ Yes  ☑ No
Have you filed this grievance or request with a court or other agency?  ☑ Yes  ☐ No
Did you require the assistance of an interpreter?  ☐ Yes  ☐ No

Inmate's Signature: Sheron Walters    Date of Signature: 12/22/15

**For DOC Office Use Only**
IGRP RETAINS THE DOUBLE-SIDED ORIGINAL FOR ADMINISTRATIVE RECORDS.
IGRP MUST PROVIDE A COPY OF THIS FORM TO THE INMATE AS A RECORD OF RECEIPT.

Time Stamp Below: KN 12/23/15

Grievance and Request Reference #: NG14

Category: Staff Complaint

Inmate Grievance and Request Program Staff's Signature: [signature]

C - D.O.I

INMATE GRIEVANCE AND REQUEST
PROGRAM STATEMENT FORM (Attatchment Sheet)

Inmate Name: Sheron Walters
B&C: 349-15-12794
NYSID#: 212338-2K
Facility: G.R.V.C
Housing Area: 17-A
Date Of Incident: 12/18/15
Date Submitted: 12/22/15

Request or Grievance:

On December 18, 2015 on the 3PM-11PM shift in the 17-A housing area in the G.R.V.C facility, I Sheron Walters was served a falsely written "Report And Notice Of Infraction". The report falsely accuses myself & another inmate of assaulting an inmate by the name of Daran, Wilkins in the clinic of the Manhattan Detention Center. This report is untrue because I was in fact the one being assaulted in this incident, and I was actually "saved" by the inmate the report claims committed the alleged "unprovoked assault".

I would also like to grieve the fact that I was never asked by any officer or captain whether or not I wanted witnesses on my behalf which I do, but the face of the infraction falsely states that I refused to sign the document( which is not true) and that I requested no witnesses.

If you guys at grievance can please get the video footage from my housing area on the day of this incident around 9PM-9:35PM you will see that all that I'm saying is true in regards to the document being brought to my cell by an officer, while the captain was sitting at the table. I was never asked anything by the captain nor the officer. I had thought he was bringing me the Law Library sheet. The captain and the serving officer forged their signatures on a feloniously crafted document.

I have already written a grievance concerning the assault I endured by the "Bloods" in the Manhattan Detention Center clinic, and the previous assault inflicted upon me by members of the Trinitarios just an hour prior to the clinic incident. I am starting to believe that this report was purposely written to thwart my attempt to recieve justice and relief.

I am requesting a full length investigation and I would like to note that the incident in the clinic involved 4 inmates and not 3 as the report claims. Video footage captured outside of the clinic will prove my story.

I would like to call the officer who escorted me to intake, Captain Brown and Captain Spencer from Manhattan Detention Center, along with the inmates said to be involved in the incident as witnesses. And Officer Tremell who also works in the Law Library. They will all have no choice but to tell the story the way it should've been told.

Thank You For Your Time

Respectfully,

Sheron Walters
349-15-12794

Sworn to before me this
22nd day of December 2015
RUTH MARCANO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01MA5088836
Qualified in Nassau County



# CITY OF NEW YORK - DEPARTMENT OF CORRECTION
## INMATE GRIEVANCE AND REQUEST PROGRAM
### DISPOSITION FORM

Form: # 7102R
Eff.: 09/10/12
Ref.: Dir. #3376

**Grievance/Request Reference #:** Walters, Sheron 3491512794
**Date Filed:** 12/23/15
**Facility:** GRVC-17A

**Title of Grievance or Request:** Staff Complaint
**Category:** NG 4

**From IGRP Inmate Statement Form, print or type short description of request/grievance:**

See attachment

**Action Requested by Inmate:**

I am requesting a full length investigation and for cameras to be installed in the MDC clinic.

### STEP 1: INFORMAL RESOLUTION

Check one box: ☐ Grievance  ☐ Request  ☒ Submission not subject to the IGRP process.

The Inmate Grievance and Request Program proposes to informally resolve your grievance or request as follows below. Alternatively, IGRP staff shall provide an explanation for why the submission is not subject to the IGRP process.

IGRP notified grievant that staff complaints do not fall under the purview of the IGRP but will be forwarded to the Deputy Warden.

**Are you satisfied with the proposed resolution?**

☐ Yes, I accept the resolution.  ☐ No

I request a formal hearing of the Inmate Grievance Resolution Committee within 5 business days from notification of the proposed resolution. I understand that if my submission involves a request to exercise religious beliefs or practices not currently available, then the Committee on Religious Accommodations will review my request

**Inmate's Signature:** Sheron Walters
**Date:** 12/23/15
**Grievance Supervisor's Signature:** [signed]
**Date:**

IH-34                                                                                     Rev:2014-1

# United States District Court
# Southern District of New York

Sheron Walters

_(List the full name(s) of the plaintiff(s)/petitioner(s).)_

16 cv 2077 (LAP)(___)

-against-

NOTICE OF CHANGE OF ADDRESS

City of New York, ~~[redacted]~~
Captain Brown, C.O. Cordero, Capt. Jane Doe

_(List the full name(s) of the defendant(s)/respondent(s).)_

I hereby notify the Court that my address has changed to the following:

Walters, Sheron, T
**Name (Last, First, MI)**

M.D.C. 125 White St.     New York     NY     10013
**Address**                **City**         **State**   **Zip Code**

_____        _____
**Telephone Number**             **E-mail Address (if available)**

                                 Sheron Walters
                                 **Signature**

_____
**Date**

Sheron Walters
349-15-12794
Manhattan Detention Complex
125 White Street
New York, New York 10013

RECEIVED
PRO SE OFFICE
2016 SEP 19 AM 10: 02

USMP3
SDNY

CLERK
UNITED STATES DISTRICT COURT (Pro Se Off)
SOUTHERN DISTRICT OF NEW YORK
U.S. COURTHOUSE - 500 PEARL STREET
New York, NY 10007

OFFICIAL BUSINESS


